UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KELLYS ALEJANDRA MACHADO-MATOS,

       Petitioner,

v.                                               Case No. 3:26-cv-360-MMH-LLL

GARRETT RIPA, et al.,

       Respondents.
_____

## TEMPORARY RESTRAINING ORDER

Petitioner Kellys Alejandra Machado-Matos, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on February 18, 2026. Machado-Matos argues that her detention violates the Immigration and Nationality Act and the Fifth Amendment. Id. at 6–11. As relief, she asks the Court, inter alia, to order a bond hearing or alternatively, her immediate release. Id. at 11.

Along with her Petition, Machado-Matos has filed a Motion for Temporary Restraining Order (Doc. 2; Motion). In the Motion, Machado-Matos seeks issuance of a temporary restraining order enjoining Respondents from transferring her outside of this Court's jurisdiction during the pendency of this case and "[d]irect[ing] Respondents to provide her with a constitutionally

adequate bond hearing before a neutral Immigration Judge within three (3) days, at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary."[1] Id. at 17.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga.,

---

[1] The Court notes that while Machado-Matos seeks entry only of a temporary restraining order; she also requests that the Court enjoin Respondents from transferring her outside the jurisdiction of the Court "while this matter is pending." A temporary restraining order, which is issued without notice, ordinarily grants relief for no more than 14 days. See Fed. R. Civ. P. 65(b)(2). Given that the relief Machado-Matos seeks will extend beyond the 14 days, the Court construes the Motion as seeking entry of a preliminary injunction as well.

2

978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

    Considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Machado-Matos's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case, and if she is ultimately granted the relief she seeks (release from ICE custody), she may incur costs and potentially face difficulties in returning home. The exigency of Machado-Matos's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Machado-Matos from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense

with the requirement that Machado-Matos provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See <u>Ajugwe v. Noem</u>, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Notably, because temporary restraining orders are meant to maintain the status quo rather than grant most or all of the substantive relief requested in the complaint, see <u>Fernandez-Roque</u>, 671 F.2d at 429, the Court denies Machado-Matos's request that the Court direct Respondents to provide her with a bond hearing at this time.

Accordingly, it is **ORDERED**:

1. Machado-Matos's Motion for Temporary Restraining Order (Doc. 2) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Machado-Matos from the Middle District of Florida up to and including on **March 10, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

4

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1), the amended Motion (Doc. 6), and this Order by **mail and e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Warden, North Florida Detention Center, 20706 U.S. Highway 90 West, Sanderson, Florida 32087. All costs of service shall be advanced by the United States.

3. Machado-Matos's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 2), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4. Upon consideration of the file, the Court will consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.").

5

Therefore, by **March 2, 2026**, Respondents shall respond to the construed request for a preliminary injunction and show cause why the Petition should not be granted.

5.    After Respondents file a response, Machado-Matos shall file a reply to Respondents' response by **1:00 p.m. on March 6, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of February, 2026, at 1:15 p.m.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/23
c:    Counsel of record